UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**IN ADMIRALTY**

CASE NO. 21-cv-22066-BB

NATIONAL SPECIALTY INSURANCE
CO., a foreign corporation, as subrogee of
CHRISTIAN STENHARG d/b/a SOUTH
BEACH CHARTERS,

    Plaintiff,

v.

MARQUIS YACHTS, LLC. a foreign
Corporation.

    Defendant.

_____/

## JOINT NOTICE OF FILING

The parties, NATIONAL SPECIALTY INSURANCE CO., and MARQUIS YACHTS, LLC by and through their undersigned counsel, hereby file the parties Joint Response to Jurisdictional Question.

DATED this 8th day of June, 2023.

| /s/ Jeffrey D. Smith<br>Jeffrey D. Smith<br>Florida Bar No. 0257590<br>650 Trade Centre Way, Suite 200<br>Kalamazoo, MI  49002-0402<br>Tel: (269) 337-7722<br>Fax: (269) 337-7723<br>jsmith@honigman.com | /s/ Krista Fowler Acuña<br>Krista Fowler Acuña, Esq.<br>Florida Bar No. 650791<br>kacuna@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 SE Second Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 379-3686<br>Facsimile: (305) 379-3690 |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 8, 2023, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/ *Krista Fowler Acuña*
                                                    Krista Fowler Acuña

## SERVICE LIST

Jeffrey D. Smith, Esq.
Honigman LLP
650 Trade Centre Way, Suite 200
Kalamazoo, MI 49002-0402
Telephone: (269) 337-7722
Fax Number: (269) 337-7723
jsmith@honigman.com
*Counsel for Defendant Marquis Yachts, LLC*

Raechel T.X. Conyers, Esq.
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-8174
rconyers@honigman.com
*Counsel for Defendant Marquis Yachts, LLC*

Krista Fowler Acuña, Esq.
kacuna@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:   305-379-3686
Facsimile:   305-379-3690
*Counsel for Plaintiffs*

APPEAL NO. 23-10080-J

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**NATIONAL SPECIALTY INSURANCE CO., a foreign corporation, as subrogee of CHRISTIAN STENHARG d/b/a SOUTH BEACH CHARTERS,**

Appellant,

v.

**MARQUIS YACHTS, LLC, a foreign corporation,**

Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, CASE NO. 1:21-cv-22066-AOR

### JOINT RESPONSE TO JURISDICTIONAL QUESTION

| | |
|---|---|
| Krista Fowler Acuña | Jeffrey D. Smith (P31101) |
| Michael John Dono | Anna C. Transit (P85632) |
| Hamilton Miller & Birthisel, LLP | Honigman LLP |
| 150 SE 2nd Avenue | 2290 First National Building |
| Suite 1200 | 660 Woodward Avenue |
| Miami, FL 33131 | Detroit, MI 48226-3506 |
| 305.379.3686 | 313.465.7628 |
| kacuna@hamiltonmillerlaw.com | jsmith@honigman.com |
| mdono@hamiltonmillerlaw.com | atransit@honigman.com |
| *Attorneys for Appellant National Specialty Insurance Co.* | *Attorneys for Appellee Marquis Yachts, LLC* |

47286386.1

*National Specialty Insurance Co. v. Marquis Yachts, LLC*
Appeal No. 23-10080-J

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

**I.    Interested Persons**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, the parties jointly identify the following persons known to have an interest in the outcome of this case:

(1)  Acuña, Krista Fowler (counsel for Plaintiff-Appellant)

(2)  Colangelo-Trenner, P. Zak (counsel for Plaintiff-Appellant)

(3)  Conyers, Raechel T.X. (counsel for Defendant-Appellee)

(4)  Dono, Michael John (counsel for Plaintiff-Appellant)

(5)  Hamilton, Miller & Birthisel, LLP (counsel for Plaintiff-Appellant)

(6)  Honigman, LLP (counsel for Plaintiff-Appellant)

(7)  Marquis Yachts, LLC (Defendant-Appellee)

(8)  National Specialty Insurance Co. (Plaintiff-Appellant)

(9)  Otazo-Reyes, Alicia M. (U.S. Magistrate Judge)

(10) South Beach Charters (Plaintiff-Appellant)

(11) Smith, Jeffrey D. (counsel for Defendant-Appellee)

(12) Stenharg, Christian (Plaintiff-Appellant)

(13) Transit, Anna C. (counsel for Defendant-Appellee)

Case 1:21-cv-22066-AOR   Document 95   Entered on FLSD Docket 06/08/2023   Page 6 of 12
USCA11 Case: 23-10080   Document: 25   Date Filed: 03/14/2023   Page: 3 of 9

*National Specialty Insurance Co. v. Marquis Yachts, LLC*
Appeal No. 23-10080-J

## II. Corporate Disclosure Statement

National Specialty Insurance Company discloses that there are no parent corporations or publicly held corporations that hold ten percent or more of National Specialty Insurance Company's stock.

Marquis Yachts, LLC discloses that there are no parent corporations or publicly held corporations that hold ten percent or more of Marquis Yachts, LLC's stock.

## JOINT RESPONSE TO JURISDICTIONAL QUESTION AND MOTION FOR LEAVE TO AMEND

Plaintiff/Appellant National Specialty Insurance Co. ("Appellant") and Defendant/Appellee Marquis Yachts, LLC ("Marquis"), through the undersigned counsel, hereby submit this Joint Response to the Jurisdictional Question issued by the Court on February 14, 2023.

This Court's jurisdictional question asked the parties, in pertinent part, to simultaneously

> address whether the relevant pleadings sufficiently allege the citizenship of the parties so as to invoke the district court's diversity jurisdiction in the first instance, particularly as to Marquis Yachts, LLC.
>
> ***
>
> Insofar as the jurisdictional allegations may be inadequate, please address: (1) whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; (2) whether current record evidence adequately establishes the parties' citizenship; or (3) whether the record should be supplemented with additional evidence to demonstrate the parties' citizenship.

## BACKGROUND

This is a breach-of-warranty case filed by Appellant, as subrogee of its insured, against Marquis. Appellant first filed its Complaint on June 3, 2021 and then an Amended Complaint on June 7, 2021, alleging that the action fell within the admiralty and maritime jurisdiction of the United States District Court. In response

1

to the Amended Complaint, Marquis filed a Motion to Dismiss arguing, in part, that the Complaint failed to state claims falling under the district court's admiralty jurisdiction. With Marquis' consent, Appellant then filed a Second Amended Complaint.

The Second Amended Complaint asserted that the district court "has diversity jurisdiction by virtue of 28 USC § 1332 because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees and costs." *See* Second Amended Complaint, ¶ 6. As for the citizenship of the parties, the Second Amended Complaint alleged as follows: (i) "At all material times, Marquis was and is a limited liability company, organized under the laws of Minnesota, with its principal place of business located in Pulaski, Wisconsin;" and (ii) "At all material times, National Specialty is a Texas corporation with its principal place of business in Bedford, Texas." *Id.* ¶¶ 4-5.

Marquis answered the Second Amended Complaint and admitted that the district court had diversity jurisdiction over the matter. *See* Marquis' Answer to Second Amended Complaint and Affirmative Defenses, ¶ 6. As such, Appellant did not undertake jurisdictional discovery. The case then proceeded through discovery to dispositive motion practice. On December 6, 2022, the district court granted Marquis' Motion for Summary Judgment and entered final judgment in favor of

Marquis and against Appellant. *See* Docket Entry 77, Docket Entry 78. This appeal followed. *See* Docket Entry 85.

On February 14, 2023, the Court issued the instant jurisdictional question regarding the citizenship of Marquis and the district court's jurisdiction.

## ARGUMENT

"Federal courts have subject-matter jurisdiction over civil actions in which: (1) 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs'; and (2) the action is between 'citizens of different states.'" *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (quoting 28 U.S.C. § 1332(a)(1)). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). To sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Establishing citizenship requires that the parties establish the domicile of each party. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "The question whether subject matter jurisdiction exists is

3

47286386.1

measured as of the time the [c]omplaint was filed." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).

Here, the Second Amended Complaint fails to allege facts necessary to establish diversity jurisdiction because it fails to set forth the citizenship of each member of Marquis as of the time the complaint was filed. No other record evidence otherwise adequately establishes the citizenship of Marquis. The Court is correct that, under circuit precedent regarding diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the record does not sufficiently support Marquis' citizenship for purposes of establishing diversity jurisdiction.

Upon receipt of the Court's jurisdictional question, Marquis investigated the citizenship of each of its members. After investigating further, it appears that there is not diversity of citizenship between Marquis and Appellant. Marquis is wholly owned by J&D Acquisitions, LLC. J&D Acquisitions, LLC has several members, some of whom are natural persons. One of those natural persons, who holds a 0.16% ownership share, is and at all relevant times has been a citizen and resident of the State of Texas. Because Marquis's citizenship depends on the citizenship of its members, Marquis is also a citizen of the State of Texas, as is Appellant. There is not, therefore, complete diversity of citizenship between Marquis and Appellant sufficient to provide the Court with subject-matter jurisdiction over the subject appeal.

4

## CONCLUSION

Because there is not complete diversity of citizenship between Marquis and Appellant, the Court may not have subject-matter jurisdiction over Appellant's claims, and the appeal should be dismissed.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Krista Fowler Acuña (w/ consent)* <br> Krista Fowler Acuña <br> Michael John Dono <br> Hamilton Miller & Birthisel, LLP <br> 150 SE 2nd Avenue <br> Suite 1200 <br> Miami, FL 33131 <br> 305.379.3686 <br> kacuna@hamiltonmillerlaw.com <br> mdono@hamiltonmillerlaw.com <br><br> *Attorneys for Appellant National Specialty Insurance Co.* | By: */s/ Jeffrey D. Smith* <br> Jeffrey D. Smith (P31101) <br> Anna C. Transit (P85632) <br> Honigman LLP <br> 2290 First National Building <br> 660 Woodward Avenue <br> Detroit, MI 48226-3506 <br> 313.465.7628 <br> jsmith@honigman.com <br> atransit@honigman.com <br><br> *Attorneys for Appellee Marquis Yachts, LLC* |

Dated: March 14, 2023

**Certificate of Compliance**

This Motion complies with the type-volume limitations of Fed. R. App. P. 27 because it contains 917 words.  This Motion also complies with the typeface and style requirements of Fed. R. App. P. 32 because it has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

**Certificate of Service**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on March 14, 2023.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

By:*/s/ Jeffrey D. Smith*
      Jeffrey D. Smith

47286386.1